THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JESSIE CLYDE GLISPIE, Defendant-Appellant.

(No. 70-148; )

Fifth District—October 22, 1971.

Paul Bradley, of Defender Project, of Mount Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant, Jessie Clyde Glispie, was convicted of rape and burglary after a jury trial in the circuit court of St. Clair County, Illinois and was sentenced to the penitentiary for a term of not less than 99 nor more 100 years. On appeal he contends that the evidence was insufficient to prove beyond a reasonable doubt that he was guilty of either rape or burglary. He also argues that he was denied a fair and impartial trial by virtue of certain inflammatory and prejudicial comments and statements made by the State's Attorney in his closing argument. He assigns as further error the court's giving of an instruction defining reasonable doubt and that the sentence was excessive.

We will turn first to defendant's contention that the trial court committed reversible error when it gave a State's instruction defining reasonable doubt. The instruction in question was as follows: "The court instructs the jury that a doubt to justify an acquittal must be reasonable, and it must arise from a candid and impartial consideration of all the evidence in the case; and is such that, were the same kind of a doubt interposed in the graver transactions of life, it would cause a reasonable and prudent man to hesitate and pause. If, after considering all the evidence, you can say you have an abiding conviction of the truth of the charge, you are satisfied beyond a reasonable doubt."

The Supreme Court recently held that giving an instruction almost identical to the one given in this case was reversible error. In reaching this determination the court observed that it had "[R]epeatedly held that

the legal concept of reasonable doubt needs no definition, and that where an involved instruction on the concept is given it may be deemed prejudicial error. \* \* \* It is patent that the controversial instruction No. 2 included not only an elaborate definition of reasonable doubt, but it also implied that the law requires that an acquittal be justified in violation of the elementary precept of our jurisprudence that a man is presumed innocent until proved guilt beyond a reasonable doubt." (*People v. Cagle*, 41 Ill.2d 528, 536.) It is clear that in the case before this court the instruction in question contains the same features condemned in the *Cagle* case. It is both an elaborate definition of reasonable doubt and a mandate that acquittal be justified.

We find no merit to the State's contention that the *Cagle* case changed the law in the State of Illinois as it relates to such an instruction. Long before *Cagle*, the courts of this state have condemned the practice of giving an instruction on reasonable doubt and have held that such practice constitutes error. (*People v. Schuele*, 326 Ill. 366.) We also find no basis for the State's claim that such an instruction constitutes harmless error. In view of the long line of decisions condemning the use of such an instruction together with the fact that the instruction tends to negate the fundamental presumption of innocence, we are unable to agree that its submission to the jury can be deemed harmless and unprejudicial.

Our decision in regard to the reasonable doubt instruction makes it unnecessary to consider the issue raised by defendant concerning the inflamatory and prejudicial argument of the State's Attorney. Inasmuch as the case must be remanded for new trial, it is also unnecessary to consider the sufficiency of the evidence of guilt relating to either charge.

Reversed and remanded.

MORAN and JONES, JJ., concur.