Chief Judge Breitel.
The issue on these consolidated appeals in two separate CPLR article 78 proceedings is whether a person certified and committed for treatment as a narcotic addict who has been released as an "outpatient” is entitled to a full due process hearing, including the assistance of counsel, before outpatient status may be revoked.
The first appeal involves Victor Young who had joined as petitioner with Samuel A. Pannell and Larry Lynch. Both *342 Pannell and Lynch are no longer parties to that proceeding. The second appeal involves William Lee Ball who is an original petitioner in a separate proceeding.
The Supreme Court held in each case that petitioner, as a certified narcotic addict released as an outpatient, was entitled to a hearing and the assistance of counsel before he could be reconfined. The Appellate Division affirmed.
There should be an affirmance in the Young matter and a modification in the Ball matter with respect to the right to counsel. The due process required in criminal prosecutions has limited application to the drug addiction program, the only proper purpose of which is treatment of the addict. Where revocation of outpatient status is based upon conduct or other factors unequivocally suggesting a medical need for reconfinement then the addict is entitled only to notice of the reasons for revocation and an opportunity to be heard. Where revocation is based upon conduct or other factors which, on their face, do not suggest unequivocally a medical need for reconfinement then there must be a preliminary as well as a final revocation hearing with the assistance of counsel.
The extent of due process of the law does not depend upon the label, that is, whether civil or criminal, attached to State action which deprives a person of liberty or some other substantial personal or property interest (see In re Gault, 387 US 1, 22-27, 49-52; Matter of James, 22 NY2d 545, 552-553). Equally true, is that due process is a flexible concept and the procedural protection required, it has been said, will vary depending upon the governmental function involved as well as the substantiality of individual interests affected (see Morrissey v Brewer, 408 US 471, 481; Wilkinson v Skinner, 34 NY2d 53, 57-59; People v Fuller, 24 NY2d 292, 303).
,In People v Fuller (supra) this court recognized that treatment of disease was the purpose of the drug addiction control program and that, consequently, all of the procedural safeguards required in criminal prosecutions did not apply with equal force to addiction certification (p 303). In particular, the Fuller case held that an addict’s statement to an examining physician, made in the absence of counsel, was admissible at the commitment hearing and, even more significant, that addiction may be proven by a preponderance of the evidence rather than beyond a reasonable doubt (compare Miranda v Arizona, 384 US 436, 470-475; In re Winship, 397 US 358, 361-364).
*343 That revocation of a certified addict’s aftercare status parallels, to some degree, parole revocation, cannot be doubted. There is, however, nothing in the record to suggest that the reconfinement for treatment as an addict is in effect punishment rather than medical treatment. The difference between the purposes of imprisonment for crime and rehabilitative confinement for narcotic addiction, however, allow for different and less restrictive procedure when outpatient status is sought to be revoked (see People v Fuller, 24 NY2d 292, 302-303, supra).
Revocation of outpatient status should, of course, be based only upon considerations relevant to treatment of the addict. Such considerations are many and will vary in relevance depending upon the individual addict and his case history. There may be unequivocal conduct or circumstances indicating that the patient has lapsed into bad habits or surroundings which require reconfinement to allow for proper treatment or control. On the other hand, conduct or circumstances unrelated to narcotic addiction or the susceptibility to readdiction may make reconfinement unjust or even a devious mode to punish for crime without conviction.
When an outpatient’s conduct, or external factors, unequivocally suggest that reconfinement is medically necessary, only a limited hearing is required. The outpatient is entitled to be informed of the reasons for reconfinement, preferably in writing if opportunity allows, and must be given the right to respond. The hearing need only be a summary and informal appearance before an administrator who neither recommended the reconfinement nor was responsible for uncovering the facts on which the reconfinement is based.
Where the outpatient’s conduct, or external factors, are equivocal or have only a tangential relationship to the medical problems of the patient then both a preliminary and final hearing are required before reconfinement may be ordered. The procedures then are substantially the same as for parole revocation, including, among other things, written notice, disclosure of evidence, and the opportunity to offer evidence (cf. Morrissey v Brewer, 408 US 471, 484-490, supra; People ex rel. Calloway v Skinner, 33 NY2d 23). In such case, like parolees, outpatients are entitled to counsel at the final hearing, and, in the discretion of the Drug Addiction Control Commission to counsel at the preliminary hearing (cf. People *344 ex rel. Menechino v Warden, 27 NY2d 376, 383; People ex rel. Calloway v Skinner, 33 NY2d 23, 32, supra).
The severe alcohol problems of petitioner Ball present a situation where only a limited hearing is required. This unequivocal conduct reasonably demonstrates his lack of self-control and that reconfinement could be found to be medically necessary before he again succumbed to narcotics. Ball had been twice warned by his "aftercare” officer about his excessive drinking. He was, however, never given an opportunity to present his view of the matter to an administrator other than his aftercare officer. Under the standard above, he was entitled to a limited opportunity to respond.
In contrast, as the facts can be reconstructed, petitioner Young was reconfined in 1973 after he had been arrested on an "old” Family Court warrant, the basis for which is not specified in the record, and on a 1972 indictment for sale of drugs. The arrest on the Family Court warrant is not, on its face, probative of medical need for reconfinement. The drug charges involved alleged sales before Young’s release into aftercare, and the record indicates that there were no grounds to believe that petitioner had resumed using narcotics or had been otherwise involved with narcotics since his release. As noted above, the reconfinement of an outpatient must be medically relevant to treatment for his addiction. Where an outpatient has committed a crime, long before, more recently, and certainly after release into aftercare, he is, of course, subject to criminal prosecution and imprisonment. Reconfinement as an addict, however, is improper if the crime or conduct is not related to the determination that reconfinement was medically necessary or desirable. Thus, despite the earlier indictment for narcotics sales, in order to justify reconfinement petitioner Young was entitled to a hearing and counsel.*
Accordingly, the order of the Appellate Division in the Ball matter should be modified, without costs, to delete from the judgment of Special Term the right to counsel and the order in the Young matter should be affirmed, without costs, and *345 the procedure in each to be conducted in accordance with this opinion.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
In Matter of Pannell v Jones: Order affirmed, without costs. Question certified not answered as unnecessary.
In Matter of Ball v Jones: Order modified, without costs, in accordance with the opinion herein and, as so modified, affirmed. Question certified not answered as unnecessary.

 In describing the events concerning Young in the preceding paragraph, they appear in fragmented form in the record, are inadequately analyzed in the briefs, and are reconstructed as best one can from the record and submissions. While the briefs do not contradict one another as to the events, they do not agree either. Indeed, it is not clear on which of the numerous reconfinements he suffered, the issue tendered is raised. Legal questions are not determined in the abstract and the facts and procedural setting in which issues arise, especially those raising issues of procedural due process, are vital.