STATE of Iowa, Appellee,

v.

**Daniel LePARD, Appellant.**

No. 58663.

Supreme Court of Iowa.

April 14, 1976.

Judd Golden, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Jim P. Robbins, Asst. Atty. Gen., Ray A. Fenton, County Atty., and Frances X. Sarcone, Asst. County Atty., Des Moines, for appellee.

Submitted to MOORE, C. J., and MASON, REES, UHLENHOPP and REYNOLDSON, JJ.

REES, Justice.

Defendant on May 8, 1975, was charged by county attorney's information with the crime of delivery of a controlled substance as defined in § 204.401(1), The Code, 1975. The information charged defendant in three counts, involving three separate deliveries of marijuana. Following plea bargaining negotiations, defendant pleaded guilty to the first count and requested an accommodation hearing under § 204.410, The Code. Prior to the commencement of the accommodation hearing defendant's counsel dictated into the record a motion to dismiss based upon his objections, on multiple grounds hereinafter referred to, to the accommodation proceedings about to be held. Defendant's motion was overruled, and defendant was sentenced to an indeterminate term of not exceeding five years in the Men's Reformatory. He now appeals. We reverse and remand for further proceedings.

Defendant in this appeal states four issues he contends necessitate reversal, all of which are so interrelated we deem it unnecessary to treat them separately. He contends (1) the accommodation hearing held pursuant to § 204.410, The Code, denied him his constitutional right of due process of

law under the 14th Amendment to the Constitution of the United States by shifting the burden of proof of accommodation from the State to the defendant, (2) he was denied his procedural due process rights because the State was not required to prove beyond a reasonable doubt each and every element of the crime of delivery of a controlled substance for profit, (3) the accommodation hearing held pursuant to § 204.-410 denied him his constitutional right to a trial by jury under Amendments 6 and 14 to the Constitution of the United States, and Article 1, Section 9, of the Constitution of the State of Iowa, in that the accommodation issue involves a separate offense and not a mere sentencing procedure, and (4) trial court, sitting without a jury, was without jurisdiction to determine the guilt or innocence of defendant and defendant was therefore denied a fair trial, since the burden of proof of an element of the charged offense was unconstitutionally shifted to defendant.

Defendant's offer to plead guilty was accepted by the court on June 30, 1975. The accommodation hearing was conducted after several continuances on August 28, 1975. At the commencement of the hearing defendant's counsel dictated into the record the following:

"MR. PILLE: Your Honor, comes now the defendant, Daniel Le Pard, and objects to the proceedings about to be held and moves to dismiss this case on the grounds that these proceedings and Section 204.410 of the Code of Iowa pursuant to which these proceedings are being held, denies this defendant of his constitutional right under the Fourteenth Amendment of the United States Constitution to due process for each of the following reasons:

"1. It denies him the right to have each and every element of the felonious crime proven beyond a reasonable doubt.

"2. It denies him the right to have a jury of his peers decide which crime in fact was committed, No. 1 the felony of delivery for profit, or inducement; or No.

2, the misdemeanor of delivery for accommodation.

"Objection No. 3. It improperly places the burden of proof of a distinctly different crime on this defendant rather than on the prosecution. In line with those reasonings, and the case of *Mullaney versus Wilbur,* which was recently decided in the U. S. Supreme Court [421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508]—and I think Your Honor is aware this hearing is not a degree of sentencing hearing, but it is in fact a hearing to determine which crime either a felony or misdemeanor, was committed by this defendant.

"I maintain, Your Honor, that this Court sitting without a jury, is without jurisdiction to determine the guilt or innocence of this defendant in regard to the commission of a felony; to-wit, delivery for profit.

"Wherefore, defendant moves the Court to dismiss the felony charge, or, in the alternative, to proceed with the jury trial and instructions that the burden of proof is on the prosecution to establish each of the elements of the felony beyond a reasonable doubt, or to proceed with this matter only to determine whether or not this defendant is, under the proper burden and degree of proof, guilty of a misdemeanor, or if the County Attorney wishes to stipulate to accommodation, as a misdemeanor.

"I suppose this Court could continue this matter pending the outcome, I believe, of a present case before the Supreme Court which, I believe, is considering some of these issues, but for the record I wish to make those objections to these proceedings."

A resistance was dictated into the record by the prosecutor. The Court then overruled defendant's objections to the proceedings, and hearing continued, culminating in trial court's finding defendant had failed to establish by clear and convincing evidence that he had delivered the controlled substance as an accommodation. Time was fixed for sentencing and on September 4, 1975, defendant appeared in open court

with his counsel and sentence was pronounced, after trial court had overruled defendant's motions for a new trial and in arrest of judgment.

I. Defendant contends our holding in *State v. Monroe,* 236 N.W.2d 24, filed November 24, 1975, subsequent to the matters appealed from, mandates a reversal of this case. The State concedes "it is clear the proceedings [in this case] were similar to those disapproved in *Monroe,*" but urges "* * * *Monroe* is applicable only to cases where error has been properly preserved. * * * [and] * * * defendant has failed to preserve this error."

■ The State asserts the defendant's objections, dictated into the record just before the commencement of the accommodation hearing, were not lodged against the proceedings at the earliest available opportunity in the progress of the case. See *State v. Ritchison,* 223 N.W.2d 207 (Iowa 1974). We cannot agree with the State's position.

As noted above, defendant's constitutional challenge articulated in his objections dictated into the record on August 28, 1975, was based on the pronouncement of the United States Supreme Court in *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508, which was not filed until June 9, 1975, only a few days prior to entry of defendant's guilty plea on June 30.

We must reject State's claim error was not preserved, and its further claim the preservation of error was not timely.

■ II. Defendant makes no attack on the trial court's adjudication of guilt entered on his plea of guilty. He assails only the failure of trial court to have the accommodation question submitted to a jury.

In *State v. Monroe, supra,* at page 37 of 236 N.W.2d, we said:

"Because the accommodation issue is an element of the offense, and the offense is of a class triable by jury at common law, the right to trial by jury pertains."

And further, at page 39, in passing upon the applicability of *Monroe,* we said:

"(3) Relief flowing from the constitutional adjudication in this opinion is available only in (a) the case at bar, (b) cases now pending on appeal where error has been properly preserved at trial, and (c) cases in which timely appeal is hereafter taken and in which error has been properly preserved."

Defendant's argument falls squarely within the ambit of our holding in *Monroe.*

III. We therefore reverse, and remand this case for further proceedings, and direct the trial court to conduct only an accommodation hearing pursuant to § 204.410, The Code, with the fact questions contemplated by the cited statute being the sole question for the jury's determination. The judgment and sentence is set aside, and sentencing of defendant shall comport with the jury's determination of the accommodation question.

REVERSED AND REMANDED.