STATE of Iowa, Appellee,

v.

Gary Lee MILLER, Appellant.

No. 58142.

Supreme Court of Iowa.

May 19, 1976.

John C. Wellman, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., David L. Brown, and Jim P. Robbins, Asst. Attys. Gen., Ray A. Fenton, County Atty., for appellee.

Heard before MOORE, C. J., and MASON, REES, UHLENHOPP and REYNOLDSON, JJ.

MASON, Justice.

Gary Lee Miller was charged by county attorney's information, filed May 10, 1974, with the crime of possession of a controlled substance with intent to deliver as defined in section 204.401(1), The Code, 1973. His application for appointment of counsel was granted and he thereafter filed a number of pretrial motions. A second trial to a jury resulted in his conviction of the crime charged. Miller now appeals from judgment imposing sentence on that conviction.

A special agent on the Division of Narcotic and Drug Enforcement observed defendant pick up a suitcase which was the subject of a search warrant. Following defendant's arrest, this suitcase was found to contain 41 pounds of marijuana in brick form.

May 23, 1974, defendant filed a motion to dismiss which in relevant part alleged:

"That Section 204.410, Code of Iowa, 1973, is unconstitutional by placing the burden of proof on the Defendant by an impossible standard of 'clear and convincing' evidence and is contrary to Due Process of Law and Equal Protection of the Law guaranteed by the Fourteenth Amendment to the United States Constitution to this Defendant, and his presumption of innocence."

The State filed resistance to the motion and on August 12 the motion to dismiss was overruled. The case proceeded to trial August 18. Two days later the proceedings were concluded in a mistrial after the jury was unable to reach a unanimous verdict. October 25 defendant filed another motion to dismiss alleging various constitutional deprivations including:

"That section 204.401 of the 1973 Code of Iowa violates this Defendant's rights in that it shifts the burden of proof from the State to the Defendant."

This second motion, as the State points out, was apparently also denied, as retrial commenced. In this connection, the renewed motion at the end of the State's evidence was overruled. The jury returned a verdict of guilty and on February 6, 1975, defendant was sentenced to a term not to exceed five years at the Men's Reformatory in Anamosa pursuant to section 204.401(1), The Code. No accommodation hearing was requested.

In his appeal defendant argues that since he raised the constitutional issue concerning burden of proof as to sections 204.401 and 204.410, The Code, and since this appeal was pending at the time the court handed down *State v. Monroe*, 236 N.W.2d 24 (Iowa 1975), that decision requires remand for an accommodation hearing. He maintains this case is on all fours with *Monroe* and thus a detailed discussion "would be a needless consumption of this court's time." The State, however, questions whether defendant can claim error when he did not request an accommodation hearing be held.

Section 204.410, The Code, following this court's excision of certain portions of it in *Monroe*, 236 N.W.2d at 36–37, reads:

"Any person who enters a plea of guilty to or is found guilty of a violation of section 204.401, subsections 1 or 2, *may move for* and the court shall grant a further hearing [at which evidence may be presented by the person, and by the prosecution if it so desires,] relating to the nature of the act or acts on the basis of which the person has been convicted. If the convicted person [establishes by clear and convincing evidence that he] delivered or possessed with intent to deliver a controlled substance only as an accommodation to another individual and not with intent to profit thereby nor to induce the recipient or intended recipient of the controlled or counterfeit substance to become addicted to or dependent upon the substance, the court shall sentence the person as if he had been convicted of a violation of section 204.401, subsection 3." (Emphasis supplied).

The State maintains " * * * if the defendant fails to move for the accommodation hearing, he is not prejudiced by a pretrial ruling which leaves the burden of proof on him. The reversible or prejudicial error comes when the accommodation hearing is *held* and the defendant is shackled with the burden of proof. Analogous is the overruling of a motion in limine, which in and of itself does not constitute reversible error."

We agree it is difficult to ascertain in what manner the burden of proof was shifted to defendant when the accommodation hearing was never held. Since the burden in fact never shifted, prejudice from trial court's overruling of the motions to dismiss would seem nonexistent.

*Monroe* did not remove from section 204.-410 the wording a defendant " * * * may move for and the court shall grant a further hearing * * *." Thus, the following statement from *State v. Still*, 208 N.W.2d 887, 894 (Iowa 1973), remains relevant:

"Terminology of section 204.410 clearly indicates it is incumbent upon a convicted defendant to formally request a hearing before the court at the sentencing stage *if he is to preserve error* by reason of the trial

court's failure to follow the provisions of this statute. * * *." (Emphasis supplied).

The circumstances presented, furthermore, are analogous to certain other areas of the criminal law. For example, one who seeks to rely upon self-defense must in some manner interpose that defense before the burden falls upon the state to prove beyond a reasonable doubt he was not acting in self-defense. Where there is no evidence bringing into issue self-defense, the issue of burden of proof is not involved. See *State v. Vick,* 205 N.W.2d 727, 731 (Iowa 1973).

Another example is the sanity defense. The prosecution is not in every case required to establish a defendant's sanity beyond a reasonable doubt. Only when the defendant puts his sanity in issue does that burden devolve upon the state. See *State v. Thomas,* 219 N.W.2d 3, 5 (Iowa 1974).

In *Mulaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508, the case which precipitated the *Monroe* decision shifting the burden of proof to the state to show beyond a reasonable doubt defendant was not an accommodator, the Supreme Court noted:

" * * * Many States do require *the defendant to show* that there is 'some evidence' indicating that he acted in the heat of passion before requiring the prosecution to negate this element by proving absence of passion beyond a reasonable doubt. * * [citing authorities]. Nothing in this opinion is intended to affect that requirement." 421 U.S. at 701, 95 S.Ct. at 1891, n. 28, 44 L.Ed.2d at 521. (Emphasis supplied).

These authorities lend support to the view the State is not, in every drug case, required to prove the defendant was not an accommodator. There is nothing to indicate the "request burden" of section 204.410 is in any manner invalid. This burden is not unlike a defendant's "production burden" recognized in the foregoing cases. And as the court pointed out in *State v. Thomas,* 219 N.W.2d at 5, there is a " * * distinction between going forward with the evidence and the burden of persuasion.

* * * [citing authorities]." The *Monroe* decision was clearly aimed at burden of proof as opposed to the burden of defendant to request an accommodation hearing.

The court now holds a defendant, convicted of delivering a controlled substance or of possession with intent to deliver, must under section 204.410, The Code, request an accommodation hearing if he desires the question of his or her status as an accommodator be adjudicated.

In this connection, we have preferred to decide the case on its merits as opposed to determining the effectiveness of defendant's motions to dismiss to preserve error. It is in any event evident the second motion, set forth earlier in relevant part, was intended to be in reference to section 204.-410 rather than section 204.401.

The case is

Affirmed.