**The STATE of Iowa, Appellee,**

v.

**Roger Lynn EVERHART, Appellant.**

No. 58874.

Supreme Court of Iowa.

June 30, 1976.

Donald W. Sylvester, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., Michael W. Coriden, Asst. Atty. Gen., J. Michael Dull, County Atty., and Patrick N. Murphy, Asst. County Atty., for appellee.

Submitted to MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and HARRIS, JJ.

HARRIS, Justice.

Defendant was charged by county attorney's information with the crime of delivery of a controlled substance in violation of § 204.401(1), The Code. Because of extensive publicity attending the case he moved for change of venue. His motion was overruled. On September 15, 1975 he withdrew his not guilty plea and entered a plea of guilty. Time for sentencing was continued pending receipt of a report from the Mental Health Institute at Cherokee where defendant was committed to determine whether he was dependent upon narcotics.

A report was received from that institution and on October 9, 1975 sentencing was set for the 31st day of October, 1975 at 10:30 a. m. A presentence investigation report was ordered.

On October 31, 1975 defendant appeared for sentencing and thereupon moved to withdraw his guilty plea, claiming he had been "under the influence of narcotics" at the time he entered his guilty plea. This motion was overruled. After he was given his right of allocution defendant was sentenced to five years in the penitentiary and fined $100. Mittimus for confinement was to issue November 14, 1975.

Through new counsel defendant on November 12, 1975 filed a request for an accommodation hearing under § 204.410, The Code. This motion was overruled.

■ I. On appeal defendant does not challenge his plea. He assigns two errors, the first being the trial court's denial of his motion for change of venue. However by pleading guilty defendant waived any error

in the denial. Defendant chose to admit his guilt rather than have it determined by jurors.

"A plea of guilty freely and voluntarily entered in open court is a waiver of trial and defense and a submission without contest. *It waives all defenses except that the indictment or information charges no offense,* and, of course, the right to challenge the plea itself. We have here no such invasion of fundamental constitutional rights as would create an exception to this rule. (Authorities)." (Emphasis added.) *State v. Kulish,* 260 Iowa 138, 143, 148 N.W.2d 428, 432 (1967). See *State v. Findley,* 239 N.W.2d 852, 853 (Iowa 1976) and authorities.

II. Defendant's second assignment complains of the trial court's refusal to hold an accommodation hearing. By waiting until after sentence defendant waived his opportunity to have an accommodation hearing under § 204.410. In *State v. Miller,* 241 N.W.2d 909 (Iowa 1976) we held it was incumbent upon the convicted defendant to formally request an accommodation hearing. Under our holding in *Miller* defendant waived his right to an accommodation hearing by his failure to request one until after he was sentenced.

AFFIRMED.