STATE of Iowa, Appellee,

v.

Gerald David KUCERA, Appellant.

No. 58756.

Supreme Court of Iowa.

July 30, 1976.

Jerald W. Kinnamon, Cedar Rapids, and J. Eric Heintz, Iowa City, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., Des Moines, and Eugene J. Kopecky, County Atty., Cedar Rapids, for appellee.

Submitted to MOORE, C. J., and LeGRAND, REES, UHLENHOPP and REYNOLDSON, JJ.

REES, Justice.

Defendant was charged by county attorney's information with the crime of delivery of a controlled substance, to-wit: two pounds of marijuana, in violation of § 204.-401(1), The Code, 1975. He demurred to the information, claiming constitutional deficiencies in the statutory scheme embodied in Code sections 204.401 and 204.410. Defendant's demurrer was overruled. Trial to a jury resulted in a verdict of guilty, following which defendant moved for a new trial and such motion was overruled. Defendant also filed a motion for an accommodation hearing, requesting therein that the State be required to prove beyond a reasonable doubt that defendant intended to profit or to induce addiction or dependency by his delivery of the drug.

Trial court overruled defendant's motion for an accommodation hearing on the grounds urged therein on the authority of *State v. Vietor,* 208 N.W.2d 894 (Iowa 1973), and defendant chose not to proceed with an accommodation hearing in which he would be required to bear the burden of proof of showing such accommodation. Judgment was entered June 23, 1975, defendant was sentenced to a term not to exceed five years and fined $100 and costs. This appeal followed. We reverse and remand for a hearing under Code section 204.410, consistent with our decision in *State v. Monroe,* 236 N.W.2d 24 (Iowa 1975).

Defendant states the following issues for review:

(1) Trial court erred in overruling defendant's motions in which defendant urged the State be required to assume the burden of proving to a jury beyond a reasonable doubt that defendant intended to profit or induce addiction or dependency through his delivery of a controlled substance.

(2) Trial court erred in refusing defendant's request for an instruction to the jury that possession of a controlled substance is a lesser included offense of delivery of a controlled substance.

(3) Trial court erred in giving its instruction number five regarding reasonable doubt.

We consider the issues so stated in reverse order.

I. In his third issue stated for review, defendant asserts trial court erred in giving to the jury its instruction number five regarding the reasonable doubt standard of proof. Said instruction read as follows:

"The burden is upon the State to prove the defendant guilty beyond a reasonable doubt.

"A 'reasonable doubt' is such a doubt as fairly and naturally arises in your mind and by reason of which you cannot say that you have a full and abiding conviction of the guilt of the defendant. If, after considering all of the circumstances as disclosed by the evidence, you find your mind wavering or vacillating, then you have a reasonable doubt, and the defendant is entitled to the benefit of such doubt and you must find him not guilty. A reasonable doubt may arise from the evidence in the case or it may arise from a lack or failure of evidence produced by the State. *It must be such a doubt as would cause a reasonable, prudent and considerate person to pause and hesitate before acting in the graver and more important affairs of life. But you should not ignore credible evidence to hunt for doubt, and you should not entertain such doubt as is purely imaginary or*

*fanciful or based on groundless conjecture. If, after a careful and impartial consideration of all the evidence in the case, you have a full and abiding conviction of the guilt of the defendant, then you are satisfied beyond a reasonable doubt; otherwise you are not satisfied beyond a reasonable doubt."*

Defendant objected to that portion of the foregoing instruction which we have italicized. He asserted in his objection that the italicized language "invites any juror to weigh his doubt against an artificial standard, essentially a civil standard, that is, a reasonable, prudent and considerate person, and it also cautions him not to enter into conjecture. In other words, it is an instruction which causes him to reevaluate and reconsider his doubts."

Instruction number five was an almost verbatim recitation of Uniform Jury Instruction number 501.11 as it has existed since shortly after our decision in *State v. McGranahan,* 206 N.W.2d 88, 92 (Iowa 1973). See *State v. Speck,* 242 N.W.2d 287, 294 (Iowa 1976). Accordingly, it did not suffer from the infirmity upon which we based our reversals of *State v. Boyken,* 217 N.W.2d 218, 219 (Iowa 1974) and *State v. Hansen,* 225 N.W.2d 343, 346 (Iowa 1975). Instead, defendant's objection to the instruction appears to be based upon (1) the fact it discounts doubt which is purely imaginary, fanciful or based on groundless conjecture, and (2) the fact it, in effect, sets forth the objective standard of a reasonable, prudent and considerate person.

■ Defendant does not seriously urge the first of the above points. In his brief on appeal he denies any desire to suggest that doubt which is imagined, fancied or based on conjecture should be used as a consideration in determining reasonable doubt. He does, however, cite *People v. Glispie,* 1 Ill.App.3d 859, 275 N.E.2d 188, and *People v. Cagle,* 41 Ill.2d 528, 244 N.E.2d 200, for the proposition that elaborate definitions of reasonable doubt violate the defendant's right to a presumption of innocence. As we pointed out in *State v. Boyken, supra,* at page 220 of 217 N.W.2d,

the Illinois rule enunciated in *Glispie* and *Cagle* does not prevail in this state.

■ Defendant argues more strenuously that the instruction was defective because it interjected into the definition of reasonable doubt the objective standard of a reasonable, prudent and considerate person. In the recent case of *State v. Conner,* 241 N.W.2d 447, 462 (Iowa 1976), we considered the same objection and resolved it adversely to the defendant, holding a juror's reasonable doubt must conform to an objective standard.

We continue to adhere to the view expressed in *State v. Conner, supra.* We find no merit in defendant's contentions regarding his third issue stated for review.

■ II. In his second issue stated for review, defendant asserts trial court erred in refusing defendant's request to instruct the jury that possession of a controlled substance is a lesser included offense of the crime of delivery of a controlled substance.

Defendant admits trial court's refusal to so instruct the jury conformed to our present case law. In *State v. Grady,* 215 N.W.2d 213, 214 (Iowa 1974), we held possession is not a necessary element of delivery. We adhere to our decision in *Grady,* and decline defendant's invitation to depart from it. Accordingly, we must reject defendant's second issue stated for review as being nonmeritorious.

■ III. In the first issue stated for review, defendant asserts trial court erred in overruling his motions in which he contended the State must assume the burden of proving to a jury beyond a reasonable doubt that defendant intended to profit or to induce addiction or dependency through his delivery of a controlled substance. Defendant raised his objections to the statutory scheme embodied in Code sections 204.-201 and 204.410 by means of a demurrer prior to trial by a request that the accommodation issue be submitted to a jury at the time instructions were given and by a motion for an accommodation hearing at which the burden of proof beyond a reasonable doubt would be assumed by the State.

**574**

The State in this appeal virtually concedes error. It recognizes that our decision in *State v. Monroe, supra,* placed the burden of proof in the accommodation hearing upon the State and that, therefore, " * * it appears * * * trial court was in error in denying defendant's request."

The State argues, however, that any error was nonprejudicial because defendant refused an accommodation hearing in which he would bear the burden of proof. According to the State, since no accommodation hearing was held, any error by the court was cured or waived.

In *State v. Miller,* 241 N.W.2d 909 (filed May 19, 1976), we accepted such an argument and held that a defendant, convicted of delivering a controlled substance or of possession with intent to deliver the same, must under § 204.410, The Code, request an accommodation hearing if he desires the question of his status as an accommodator be adjudicated. Our decision in *Monroe* was directed toward the question of burden of proof as opposed to the burden of defendant to request such a hearing, and we have not held the "request burden" of § 204.410 to be invalid.

The instant case, however, is not controlled by our decision in *Miller, supra.* Defendant here did request an accommodation hearing, though such request was qualified by his insistence upon receiving the due process protections we later recognized in *Monroe.* Trial court erred in refusing to accept defendant's position and prejudice to the defendant resulted.

We therefore conclude we must reverse and remand this case for an accommodation hearing pursuant to § 204.410, The Code, consistent with our holding in *Monroe.* See *State v. LePard,* 240 N.W.2d 642, 644 (Iowa 1976).

Reversed and remanded for an accommodation hearing.