**STATE of Iowa, Appellee,**

v.

**Michael Bryan BARRETT, Appellant.**

**Nos. 59351, 59380.**

Supreme Court of Iowa.

Feb. 16, 1977.

Dale Swanson, Newton, for appellant.

Richard C. Turner, Atty. Gen., Des Moines, Kenneth L. Whitehead, County Atty., Newton, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES and UHLENHOPP, JJ.

REES, Justice.

In this matter defendant brings a consolidated appeal from his conviction for the crimes of possession and delivery of a Schedule III controlled substance challenging the court's acceptance of his guilty plea to informations charging said offenses. Specifically, defendant was charged with possession of a Schedule III controlled substance, to-wit: LSD, and secondly, for delivery of the same substance. The pleas of guilty resulted from a plea bargaining arrangement, as a consequence of which a second delivery charge against defendant was dismissed. Defendant now appeals and we affirm.

The factual situation in this case is not in dispute. On September 10, 1975 defendant was charged by county attorney's information with the crime of delivery of a Schedule III controlled substance in violation of § 204.401(1), The Code, 1975. At arraignment, defendant entered a plea of not guilty. After a plea bargaining arrangement, he entered a plea of guilty to the charge of delivery and also entered a plea of guilty to a possession charge which was filed on January 13, 1976. After extensive questioning, the trial court accepted both pleas and subsequently imposed sentences.

Defendant states four issues for review, three of which involve a single premise. He challenges the procedure of accepting a guilty plea where he was not apprised of his right to a postconviction hearing on the accommodation issue afforded by § 204.410, The Code, 1975. He contends our decision in *State v. Monroe,* 236 N.W.2d 24 (Iowa 1975) creates two crimes of delivery, felony delivery and misdemeanor (or accommodation) delivery. We shall handle defendant's fourth issue below.

■ I. In *Monroe,* we discussed the procedure of the accommodation hearing, and preserved the legislature's procedure as far as practicable by allowing the jury trial on the accommodation issue to follow conviction of the delivery charge. Thus, conviction of delivery in violation of § 204.401, The Code, 1975 is a prerequisite to an accommodation hearing. Conviction in no way diminishes a defendant's right with regard to the accommodation hearing. The accommodation hearing procedure is the same whether defendant is convicted following trial on a plea of not guilty or is adjudicated guilty on a voluntary plea.

Defendant argues that because motivation is an element distinguishing felony and misdemeanor delivery, the court must ascertain the factual basis for whichever crime is charged, as mandated by *State v. Sisco,* 169 N.W.2d 542 (Iowa 1969). Defendant's contention ignores the statutory scheme of § 204.410. The crime is delivery, and the legislature provides for a lesser sentence where that delivery was for accommodation. The factual basis upon which conviction for delivery rests is in no way connected with the accommodation issue in keeping with the statutory scheme preserved in *Monroe.*

■ A similar analysis is applicable to the defendant's contentions that he did not fully understand the charge or that he was not apprised by the trial judge of the consequences of the plea. The crimes of delivery and possession were clearly explained by the trial judge. No mention of the accommodation element was made except when the judge ascertained that, in fact, money was received for the substance delivered. The county attorney did request the court to go into the matter of the accommodation issue, but the court did not do so. The rationale behind *Sisco's* requirements aids us in determining whether the scheme in § 204.410 violates due process, since *Sisco's* requirements are in part mandated by the Constitution. See *State v. Sisco,* 169 N.W.2d 542, 550–551, citing *Boykin v. State of Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *State v. Findley,* 239 N.W.2d

852, 854 (Iowa 1976). The constitutional due process clause precludes acceptance of a guilty plea where the record does not show defendant voluntarily waived those rights lost by the plea, including the right to trial by jury, the rights against compulsory self-incrimination and the right to confront witnesses.

The statute provides that no right is waived with regard to the accommodation issue by a conviction for delivery. Defendant was apprised, as the record clearly shows, of the charges he faced and the penal consequences thereof. No due process violation is found in the trial court's acceptance of the guilty plea, as is reflected by the record in this case.

 The waiver of the right to an accommodation hearing occurred after the conviction on the guilty plea. Thus, the due process requirements of the acceptance of the guilty plea do not come into play. The burden is on the defendant to request an accommodation hearing. *State v. Everhart,* 243 N.W.2d 574 (Iowa 1976); *State v. Miller,* 241 N.W.2d 909 (Iowa 1976). In the absence of defendant's request, the right to an accommodation hearing is waived upon the imposition of sentence.

Interestingly, defendant hints that the guilty plea conviction could be cured by trial court apprising defendant at sentencing of his rights. Thus, it is not the waiver of any rights attendant to the guilty plea defendant challenges, but actually the waiver of his accommodation hearing rights. Due process does not require an on-the-record colloquy between judge and defendant in connection with the matter of securing an accommodation hearing, as is required in guilty plea hearings. Defendant's assertions only challenge the absence of such on-the-record colloquy. Since we find no such requirement for the accommodation hearing waiver, trial court did not err in failing to inform defendant of his right to an accommodation hearing.

II. The defendant finally contends that his trial counsel misrepresented to him the possible maximum sentence consequent to conviction on all the charges made against him. Defendant was faced with one charge of possession and two charges of delivery, and was therefore subject to imprisonment for a maximum of 11 years. Defendant claims he bargained because his counsel informed him he could be sentenced for a term of up to 30 years. The record clearly establishes the court advised defendant of the maximum sentence for each charge and that defendant affirmatively confirmed his understanding of the court's statement in this regard. We find the record clearly establishes he understood the penal consequences of the charges he faced and chose to bargain for the dismissal of one delivery charge and a favorable sentence recommendation. We find no merit in defendant's contention in this regard.

On the whole record we find no error and affirm the trial court.

AFFIRMED.