■ HARRY SESAN, Respondent, v. FLORIAN YANDEL, JR., Doing Business as RAMAPO GENERAL HOSPITAL, Appellant.— Order, entered July 10, 1967, and judgment, entered July 19, 1967, unanimously modified on the law, to the extent of reducing the recovery by plaintiff to the sum of $2,916.62; partial summary judgment granted to plaintiff in such amount; action severed as to balance of plaintiff's alleged claim, with remand for trial thereof; and order and judgment otherwise affirmed, without costs or disbursements to either party. The record discloses an issue of fact as to the balance owing to plaintiff for the period covered by the alleged account stated in that an issue is presented as to whether the account was stated under a failure, due to mistake, to credit the defendant with one monthly payment of $416.66. Concur — Botein, P. J., Eager, Capozzoli, Tilzer and McGivern, JJ.

■ FREDA SKLAN, Appellant, v. HAROLD SKLAN, Respondent.— The order of September 11, 1967, holding the application for temporary alimony and counsel fee in abeyance pending the determination of the issue of jurisdiction, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs or disbursements. In view of the disposition of the companion appeal vacating the order of reference on the issue of jurisdiction, we deem it appropriate to fix temporary alimony. Temporary alimony is fixed at the sum of $135 a week, to include rent and tuition for the issue of the marriage. We deem it preferable to provide for a specific dollar award of temporary alimony and support rather than directing the payment of categories of support which may be subject to increase beyond the amount contemplated by the court. The award of temporary alimony and support is not determinative of the permanent alimony and support, which will be governed by the evidence adduced at the trial. (See *Schine* v. *Schine,* 28 A D 2d 976.) Counsel fee is allowed in the sum of $1,000, without prejudice to an application to the trial court for additional counsel fee. One half of said counsel fee is to be paid within 20 days after entry of an order hereon, the balance when the case first appears on the Day Calendar. Order, entered August 18, 1967, referring the issue of jurisdiction to a Special Referee, unanimously reversed, on the law, the facts, and in the exercise of discretion, and the reference vacated, without costs or disbursements, with leave to defendant to amend his answer to plead the defense of lack of jurisdiction. The jurisdictional issue, if pleaded by way of defense, is directed to be tried first. This procedure will avoid circuity. (See *Cardy* v. *Cardy,* 14 A D 2d 735.) Appeal from order, entered September 11, 1967, denying motion to reargue, dismissed as nonappealable, without costs or disbursements. (*Matter of Kleinert* v. *Gabel,* 18 A D 2d 990; *Matter of Dalminter, Inc.,* 23 A D 2d 749, 750; *United Artists Television,* v. *Quality Bakers of America Co-op.,* 27 A D 2d 651.) Concur — Botein, P. J., Stevens, Eager, Steuer and McNally, JJ.