In the Matter of MAX GRENADER et al., Appellants-Respondents, v LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Respondent-Appellant, and THREE FORTY FIVE MANAGEMENT Co. et al., Respondents.

First Department, April 24, 1975

*Charles Marks* for appellants-respondents.

*Shirley Adelson Siegel* of counsel *(Samuel A. Hirshowitz*

with her on the brief; *Louis J. Lefkowitz, Attorney-General),* for respondent-appellant.

*Kevin P. Hughes* of counsel *(Weil, Gotshal & Manges,* attorneys), for respondents.

*Per Curiam.* Petitioners are nonpurchasing tenants residing in an apartment house which was converted to co-operative ownership. They initiated this proceeding in order to invalidate the co-operative plan approved and accepted by the Attorney-General. After issue was joined, petitioners moved for summary judgment and the respondent Attorney-General made a cross-motion for summary judgment, both of which were denied by Special Term.

Preliminarily, we must note that, contrary to the assertion of the Attorney-General, petitioners do have standing to institute this proceeding, since they have an interest as tenants which is "personal, real, direct and substantial," and allows them to challenge the actions of the public officials involved *(Matter of Whalen v Lefkowitz,* 36 NY2d 75, 78).

In this proceeding, petitioners pose a manifold challenge to the acceptance of the co-operative plan by the Attorney-General.

Firstly, it is urged that the Attorney-General acted in excess of his authority in approving the plan since he is pre-empted by Federal jurisdiction under the Securities Act of 1933 (US Code, tit. 15, § 77a *et seq.).* The Federal statutory scheme, however, contemplates concurrent State jurisdiction over domestic securities (US Code, tit. 15, § 77r; cf. *Forman v Community Servs,* 500 F2d 1246 [2d Cir.]). Furthermore, Judge STEWART of the Federal District Court recently rendered a decision involving the very same parties to this proceeding, holding that there were no Federal registration requirements to be met in the filing of the plan presently under review *(Grenader v Spitz,* 72 Civ 3784, N.Y.L.J., March 10, 1975, page 1, col. 3).

Petitioners also claim that when the offering was declared effective, 51% of the purchasers had not registered. The plan, as amended, required that the percentage requirement be met "by 5/16/72." However, the term "by" includes the date mentioned and does not mean "5/15/72," the day before the date mentioned (86 C.J.S., Time, § 13[4], pp 854–855). The declaration of effectiveness was therefore proper.

We also find that the Attorney-General had statutory authority to conduct the investigation of the *bona fides* of the

named prospective purchasers in the manner effected, without allowing petitioners the right of active participation (cf. General Business Law, §§ 352-i, 353; *Matter of Greenthal v Lefkowitz,* 32 NY2d 457, 463).

The bulk of the petition in this proceeding deals with an alleged failure to comply with section 352-e of the General Business Law. Paragraph (b) of subdivision 1 of that section outlines the material which should be included in co-operative plans submitted to the Attorney-General for approval. The petition alleges 20 major areas of noncompliance, some of which areas were even further subdivided. Suffice it to say that the "noncompliance" alleged ranges from the relatively trivial (e.g., whether an elevator service contract is in effect; whether each co-operator would get individualized basement storage space) to the more significant (e.g., omission of projected basic carrying expenses; omission of computations establishing the basis of real estate projections).

While the allegations as to misrepresentation are technically not reviewable in the framework of this petition alleging violation of section 352-e of the General Business Law *(Matter of Whalen v Lefkowitz,* 36 NY2d 75, 78, *supra; Matter of Greenthal v Lefkowitz,* 32 NY2d 457, 462, *supra),* we have nonetheless reviewed both the allegations of omission and misrepresentation and have found them to be without merit. There are, however, areas of omission which bear further probing. They are delineated in the petition as paragraphs 27(b), (c)(2), (j), (n), and (o).

A hearing to determine the propriety and materiality of these alleged omissions is warranted (CPLR 409, 3212, subd [g]).

To the extent that we have found in favor of the Attorney-General (cross-appellant), the first, third, and fourth affirmative defenses interposed by him are sustained.*

The second affirmative defense of the Attorney-General, alleging that the objections under section 352-e of the General Business Law are merely an expression of opinion by petitioners, and the fifth affirmative defense alleging insufficiency of the petition, are dismissed to the extent that a hearing has been directed on five of the issues raised.

---

* The first affirmative defense alleged that the securities were exempt from Federal registration requirements. The third affirmative defense alleged that there was an adequate investigation of the *bona fides* of the prospective purchasers. The fourth affirmative defense alleged that the plan was declared effective according to its terms.

Accordingly, the order of the Supreme Court, New York County, entered September 11, 1974, denying respondent's motion for summary judgment, should be modified on the law to the extent of directing a hearing solely on items in the petition enumerated as paragraphs 27(b), (c)(2), (j), (n), and (o), pursuant to CPLR 409 and 3212 (subd [g]) and otherwise affirmed without costs or disbursements. The appeal from the order of the Supreme Court, New York County, entered December 6, 1974, to the extent that it denied reargument, should be dismissed as nonappealable, without costs or disbursements *(Sklan v Sklan,* 29 AD2d 526).

KUPFERMAN, J. P., LUPIANO, CAPOZZOLI, LANE and NUNEZ, JJ., concur.

Order, Supreme Court, New York County, entered on September 11, 1974, unanimously modified, on the law, to the extent of directing a hearing solely on items in the petition enumerated as paragraphs 27(b), (c)(2), (j), (n), and (o), pursuant to CPLR 409 and 3212 (subd [g]), and otherwise affirmed, without costs and without disbursements. Appeal from the order of said court, entered on December 6, 1974, to the extent that it denied reargument, unanimously dismissed as nonappealable, without costs and without disbursements *(Sklan v Sklan,* 29 AD2d 526).