■ In the Matter of GINA DE LUISE, Individually and as President of the 2765-69 MATTHEWS AVENUE TENANTS ASSOCIATION, Respondent, v ANTHONY GLIEDMAN, as Commissioner of the New York City Department of Preservation and Development, Appellant, et al., Respondent. — Judgment, entered November 22, 1983 in Supreme Court, New York County (Ira Gammerman, J.), granting this CPLR article 78 petition to the extent of remanding the matter for further action and continuing a temporary restraining order, is unanimously reversed, on the law, the facts and in the exercise of discretion, the temporary restraining order is lifted and the petition is denied and dismissed, without costs.

This is a dispute between the City Department of Housing Preservation and Development (HPD) and the 2765-69 Matthews Avenue Tenants Association with respect to a low-interest loan granted to the landlord E & O Associates pursuant to Private Housing Finance Law article VIII-A. The tenants' association, petitioner herein, complains that the advance notice given to it by the landlord, pursuant to HPD's regulations, was inadequate to give it a meaningful opportunity to present its objections. It also complains that the repairs, for which the loan was applied for, were unnecessary and, thus, the loan was but an excuse to raise rents.

We have reviewed the record and find that there was literal compliance with the HPD regulations and that they were constitutionally sufficient to enable petitioner to voice its objections. We also note that HPD has since revised its regulations, in apparent recognition that their past procedures were not as desirable as they might have been. We also find that the now-completed improvements to the building were clearly necessary and that petitioner has had actual, good notice of E & O's separate application for rent increases, and thus has a full opportunity to present its opposition.

Thus, we conclude that E & O's loan application was not wrongly granted by HPD nor should the landlord be precluded from seeking the rent increases it is entitled to apply for under the statute. Accordingly, we see no purpose to be served by remanding the matter of the loan application to respondent HPD. Concur — Murphy, P. J., Sandler, Ross, Carro and Fein, JJ. [120 Misc 2d 472.]