■ BADEM BUILDINGS, Appellant, v ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent. STATE OF NEW YORK, Respondent, v LOUISE DEMBECK et al., Appellants, et al., Defendants.—Order and judgment (one paper) Supreme Court, New York County (Elliott Wilk, J.), entered August 30, 1985, which, *inter alia,* consolidated two CPLR article 78 proceedings and a Martin Act (General Business Law art 23-A) civil prosecution brought by the Attorney-General, dismissed both article 78 proceedings, found defendants-appellants Louise Dembeck, Giora Neeman and Badem Buildings (Badem) in violation of the Martin Act and permanently enjoined them from directly or indirectly engaging in business relating to the offer and sale of public securities, including cooperative interests in realty, to the public within or from New York, is modified, on the law and the facts, to the extent of reversing the finding of a Martin Act violation, and otherwise affirmed, without costs.

In September 1979, Badem (petitioner-appellant in the two article 78 proceedings and defendant-appellant in the Martin Act prosecution), a partnership comprised of defendant-appellant Louise Dembeck and defendants, Frederick and Helene Baum, purchased a 30-unit residential building located at 469 West 57th Street in Manhattan. The building had 28 units available for residential occupancy. Dembeck and her husband, defendant-appellant Giora Neeman, managed the building. The building was purchased with the intent to convert it to a cooperative form of ownership as evidenced by a proposed offering submitted to the Attorney-General in May 1980.

At the time the offering was filed, Rent Stabilization Law of 1969 (Administrative Code of the City of New York) § YY51-6.0 (c) (9) (a) and General Business Law § 352-eeee, then in effect, required that 35% of the bona fide tenants subscribe to the conversion plan in order to evict the nonsubscribers. The first offering plan failed to receive the requisite 35% subscription, amounting to 10 tenants. In September 1982, Badem filed a second amendment to the original plan, which included various modifications in order to encourage subscription.

In November 1982, Badem filed a third amendment to the plan which declared that the 35% subscription level had been

met. In December 1982, the Attorney-General rejected the third amendment claiming that, *inter alia,* the requisite number of subscribers were not bona fide tenants. In April 1983, Badem brought an article 78 proceeding to compel acceptance of the third amendment. It was granted insofar as to direct the Attorney-General to issue a more complete deficiency letter. The Attorney-General issued a second deficiency letter. Petitioners moved to renew the initial article 78 proceeding and instituted a second article 78 proceeding. This was followed by the Attorney-General commencing the instant Martin Act prosecution, pursuant to General Business Law, article 23-A, § 353, and Executive Law § 63 (12), alleging fraud by Badem *et al.* in the cooperative conversion plan.

The issues in this appeal have been narrowed to whether Badem fostered the creation of illusory prime tenancies in order to insure the votes necessary to effect the conversion plan *(see, Hutchins v Conciliation & Appeals Bd.,* 125 Misc 2d 809, 813) and whether this was a fraudulent scheme violative of the Martin Act.

Badem *et al.* leased apartments to approximately 12 people who were business or social acquaintances. These tenants sublet their apartments without occupying them, although it is contended they had plans for them in the future. Trial Term found Badem, Dembeck and Neeman in violation of the Martin Act because of illusory prime tenancies and dismissed the article 78 proceedings on that basis.

We modify to the extent of reversing Trial Term's finding that defendants-appellants violated the Martin Act.

Although a number of the prime tenancies may be considered illusory for the purpose of a conversion plan *(see, Yellon v Reiner-Kaiser Assoc.,* 89 AD2d 561, 563), their existence as such did not show "persistent fraud" or a pattern of fraud. In fact, one of the so-called illusory prime tenants, whom the Attorney-General claims was a part of the conversion scheme, did not even subscribe to the plan. While the illusory tenancies may support the denial of the plan and, thus, the dismissal of the article 78 petitions *(cf. Matter of Perlbinder v New York City Conciliation & Appeals Bd.,* 67 NY2d 697), the finding of a Martin Act violation is unwarranted under the circumstances of this case. The concept of an illusory tenancy was in the process of evolving, and it could not be said until *Matter of Perlbinder (supra),* that there was a definitive and binding determination. To impart a fraudulent scheme as to what some might have contended was a normal business

transaction does not satisfy the underlying purpose of the Martin Act. Concur—Kupferman, J. P., Sandler, Asch, Rosenberger and Wallach, JJ.