■ STATE OF NEW YORK, Respondent, v RACHMANI CORPORATION et al., Appellants, et al., Defendant.—Judgment, Supreme Court, New York County (Martin Stecher, J.), entered on or about February 28, 1985, affirmed for the reasons stated by Martin Stecher, J., at Trial Term, without costs and without disbursements. Concur—Ross, Carro, Kassal and Wallach, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: The selling agent, with respect to a cooperative plan, notified the tenants, by formal letter, that 35% had subscribed to purchase shares allocated to their apartments. As a result, numerous tenants completed their subscriptions just prior to the deadline for the insider price. The letter of notification did not add the fact that the offering plan and the mortgage commitment from the bank required the purchase of 40.5% in order for the plan to be declared effective.

The State of New York commenced the instant action, contending that the notification letter as to 35% falsely induced many tenants to subscribe before the deadline.

This is a proceeding pursuant to General Business Law article 23-A (the Martin Act) and Executive Law § 63 (12).

While the notification may have been misleading, although there is no indication that it was intentionally so, it certainly does not substantiate a claim of "persistent fraud".

The tenants knew, or should have known, of the 40.5% requirement by virtue of the information included in the original plan.

Inasmuch as the order of the court adjudges that the defendants be restrained and enjoined from violating the Martin Act or the Executive Law, I do not find sufficient basis for such a determination and I would reverse as to that. *(See, Badem Bldgs. v Abrams,* 120 AD2d 372.) However, the opinion of the court at Trial Term indicates that subscribers should be permitted to rescind and, as to that, for the possibility that subscribers were misled, such determination would be properly in order.