(February 9, 1987)

■ BRYANT AVENUE TENANTS' ASSOCIATION et al., Respon-

dents, v EDWARD I. KOCH, as Mayor of the City of New York, et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Bruce McM. Wright, J.), entered July 3, 1985, which, *inter alia,* joins defendant-appellant J.F.I.B. Realty and Lydia Delgado, also known as Katherine Wender, as parties defendant; prevents defendants from collecting major capital improvement rent increases; grants a preliminary injunction against said defendants; joins individual tenants and Astral Gardens Tenants' Association as parties plaintiff; and, deems the proposed amended complaint as the amended complaint, affirmed, without costs.

Order, Supreme Court, New York County (Elliott Wilk, J.), entered May 8, 1984, which, *inter alia,* denied the motions of defendants the New York City Conciliation and Appeals Board, the Rent Stabilization Association of New York City, and its chairman, to dismiss plaintiffs' complaint for failure to state a cause of action, except insofar as claims for monetary damages against the municipal defendants were dismissed, granted plaintiffs' cross motion for a preliminary injunction, and held the remaining motions for summary judgment and plaintiffs' cross motion for partial summary judgment in abeyance for one decision, pending receipt of opposition papers from other defendants pursuant to CPLR 3211 (e), affirmed, without costs.

Order, Supreme Court, New York County (Bruce McM. Wright, J.), entered May 17, 1985, which granted plaintiffs' motion for class certification, affirmed, without costs.

Plaintiffs are low-income, rent-stabilized tenants whose landlords have been granted approval by the defendant Conciliation and Appeals Board (CAB) for annual base rent increases well in excess of 6%, payable permanently, in conjunction with financing for major capital improvements under article VIII-A of the Private Housing Finance Law. The defendants are the Mayor, the Rent Stabilization Association of New York City and its chairman (hereinafter collectively referred to as the RSA defendants), the CAB, whose functions have been assumed by the New York State Division of Housing and Community Renewal, the New York City Department of Housing, Preservation and Development (HPD), its Commissioner, and various landlords. In this action for a declaratory judgment plaintiffs challenge the validity of section 41 of the Code of the Rent Stabilization Association of New York City, Inc. (Code), which provides for rent adjustment by dividing the cash cost of a capital improvement over a 60-month period of

amortization, as violative of section YY51-6.0 (c) (6) of the Rent Stabilization Law (Administrative Code of the City of New York). The latter statute provides that the cost of major capital improvements may be amortized over a five-year period, but that stabilized rent increases should not exceed 6% annually. Plaintiffs also challenge the practices and policies related to the processing and approval of rent increases based on major capital improvements. In this vein, paragraph 55 of the complaint alleges that the defendant CAB, pursuant to the Code promulgated by the RSA defendants and approved by the other municipal defendants, has a practice and policy of failing "to give and to assure that landlords give adequate notice and a meaningful opportunity to be heard prior to the granting of rent insurances [sic] based on major capital improvements." Plaintiff Bryant Avenue Tenants' Association alleges that its members had no notice or opportunity to respond either to the application made by the defendant Donmay Realty Co. for an VIII-A loan or to the application for approval of the proposed rent increases in that they were never served with a tenant answer form, nor were they afforded an opportunity to review the application. Plaintiff Empire Boulevard Tenants Association similarly alleges that its members had no notice and opportunity to respond to the application made by their landlord for an VIII-A loan. Plaintiff Cheryl Turner alleges that she had no notice and opportunity to be heard with respect to her landlord's request for an VIII-A loan. The first claim to relief asserts that defendants have collected, or authorized the collection of, increased rents, *inter alia,* not based on any ascertainable, rational, fundamental, fair or uniformly applied standards. The fourth claim to relief alleges that defendant CAB has not ensured that landlords give plaintiffs adequate prior written notice, or a meaningful opportunity to be heard, with regard to rent increases granted by the CAB; nor have the RSA defendants done so in promulgating and approving a code that makes no provision for notice and a hearing. The sixth claim to relief is identical to the fourth claim except that it asserts that the VIII-A loan-processing procedure of defendant HPD similarly violates plaintiffs' rights to procedural due process.

We agree with Special Term's conclusion that plaintiffs sufficiently articulated a cause of action, cognizable under the Civil Rights Act (42 USC § 1983), to withstand the motion to dismiss. It is well established that the test for the legal sufficiency of a complaint attacked with extrinsic evidence is whether the pleader has a cause of action, not whether he has

properly stated one. *(Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977].) However, "CPLR 3211 allows plaintiff to submit affidavits, but it does not oblige him to do so on penalty of dismissal, as is the case under CPLR 3212 when defendant has made an evidentiary showing that refutes the pleaded cause of action. If plaintiff chooses to stand on his pleading alone, confident that its allegations are sufficient to state all the necessary elements of a cognizable cause of action, he is at liberty to do so and, unless the motion to dismiss is converted by the court to a motion for summary judgment, he will not be penalized because he has not made an evidentiary showing in support of his complaint." *(Rovello v Orofino Realty Co.,* 40 NY2d 633, 635 [1976].)

As low-income tenants, plaintiffs have an interest of a nature which merits due process protection *(Matter of Laureano v Koch,* 100 AD2d 192, 197-198 [1st Dept 1984], *revd on other grounds* 64 NY2d 1105 [1985]),* and there is evidence of sufficient State action to withstand the motion to dismiss. *(Sharrock v Dell Buick-Cadillac,* 45 NY2d 152, 157-163 [1978]).* Plaintiffs specifically allege no notice, or inadequate notice, and thus denial of a meaningful opportunity to be heard in a meaningful manner as to VIII-A loans and concomitant rent increases. Paragraph 55 and the fourth and sixth claims to relief of the complaint alleged that the established practice and policy of the municipal defendants, of failing to give and assure adequate notice, violates plaintiffs' rights to procedural due process under NY Constitution, article I, § 6 and the Fourteenth Amendment of the US Constitution. Since plaintiffs allege a practice and policy, rather than a single instance of official misconduct or negligence on the part of individuals acting under color of law *(Parratt v Taylor,* 451 US 527, 542-543 [1981]),* the complaint sufficiently pleads a deprivation of civil rights. *(See also, Broadway & 67th St. Corp. v City of New York,* 100 AD2d 478, 483 [1st Dept 1984]; *but see, Praprotnik v City of St. Louis,* 798 F2d 1168 [8th Cir 1986], *cert granted —* US —, 93 L Ed 2d 826.) Additionally, the first claim to relief asserts violation of plaintiffs' substantive and procedural due process rights, based upon the defendants' arbitrary collection of increased rents pursuant to section 41 of the Code. Notwithstanding the absence in the complaint of a specific citation to the Civil Rights Law, all of the foregoing allegations give fair indication that plaintiffs assert a claim under 42 USC § 1983 and of the grounds upon which it rests.

Neither the averments of defense counsel for HPD and the CAB, nor the affidavit submitted by defendant Advance Prop-

erties, Inc., nor the form notices in HPD files allegedly sent to plaintiffs, established beyond substantial question that plaintiffs have no section 1983 claims. Indeed, the record substantiates the allegations of plaintiffs Bryant Avenue Tenants' Assn., Cheryl Turner, and plaintiff-intervenor Carmen Acosta, *inter alia,* that they received no notice of pending VIII-A loan applications. The HPD notice concerning defendant Donmay Realty Co.'s application, the letter from defendant landlord David T. Diamond concerning his application, and the letter from Sachs Realty Co. concerning its application are all concededly missing from HPD files. More significantly, although HPD purports to require landlords to serve notices and file certifications of such service, no such certifications were adduced by HPD in support of its motion to dismiss.

The dissent's reliance on *De Luise v Gliedman* (109 AD2d 601 [1st Dept 1985], *affd* 65 NY2d 916 [1985]) is misplaced. In *De Luise* this court found that the record established literal compliance with HPD regulations, which were constitutionally sufficient to enable petitioner tenant association to voice its objections. *De Luise* is inapposite because, as discussed *supra,* the record here raises substantial questions as to defendants' compliance with HPD regulations. Contrary to HPD's contention, the presumption of regularity does not arise absent proof exhibiting an office practice and procedure followed in the regular course of business. *(Nassau Ins. Co. v Murray,* 46 NY2d 828, 829 [1978].)* Furthermore, *De Luise* should not be deemed controlling in the present case insofar as HPD contended at Special Term that Private Housing Finance Law regulation 4.1 (d) does not even require advance notice to rent-stabilized tenants, although it allegedly is provided to such tenants as a matter of policy.

In sum, on this record and at this juncture, we cannot categorically conclude that plaintiff will be unable to prove any section 1983 violations. The pending motions for summary judgment are the appropriate vehicle for defendants to seek to establish that the alleged failures to provide adequate notice, relied upon by plaintiffs, are isolated, innocuous acts which do not rise to the level of a practice or policy. We have examined the remaining contentions of the defendants, and find that they are lacking in merit. Concur—Asch, Milonas and Rosenberger, JJ.

Kupferman, J. P., and Ross, J., dissent in part in a memorandum by Kupferman, J. P., as follows: There is impliedly asserted a claim pursuant to the Civil Rights Act (42 USC § 1983) to the effect that plaintiffs were deprived of due

process by failure of adequate notice and opportunity to be heard in connection with capital improvement rent increases and the authorization of loans to the landlord under article 8-A of the Public Housing Finance Law. The court at Special Term seemingly sustained such a cause of action, and so it should be dealt with.

We have heretofore determined that the type of notice given is sufficient. *(De Luise v Gliedman,* 109 AD2d 601.) Moreover, the contention is not one that rises to constitutional dimensions. *(Parratt v Taylor,* 451 US 527.) These plaintiffs are not being deprived "of any rights, privileges or immunities secured by the Constitution and laws". *(Cf., 423 S. Salina St. v City of Syracuse,* 68 NY2d 474.)

Accordingly, any such cause of action should be dismissed, and the demand in the prayer for relief for attorney's fees and costs pursuant to 42 USC should be stricken.