■ TREGER MANAGEMENT COMPANY, Petitioner, v ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent.—Determination of the respondent Attorney-General dated February 22, 1991, which rejected for filing the petitioner's Fourth Amendment to the offering plan to convert the premises at 815 Gravesend Neck Road, Brooklyn, to cooperative ownership, unanimously confirmed, the petition denied and the proceeding (transferred to this Court by order of the Supreme Court, New York County [Kristin Booth Glen, J.], entered July 9, 1991), dismissed, without costs and without disbursements.

The Attorney-General's determination that petitioner failed to obtain, as required by General Business Law § 352-eeee (1) (b); (2) (c) (i), written purchase agreements from bona fide tenants in occupancy and/or purchasers for 15% of all dwelling units at 815 Gravesend Neck Road, Brooklyn, was neither arbitrary, capricious nor an abuse of discretion *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 231).

Both the financial means and the inclination to reside at the premises by those subscribers at issue, so closely connected by family, neighborhood and prior relationships with petitioner, were shown to be doubtful at best. The Attorney-General's office acted within its statutory authority, as mandated by General Business Law § 352-eeee (2) (c) (i), in focusing

upon whether the subscribers used to declare an offering plan effective are bona fide *(Matter of Grenader v Lefkowitz,* 47 AD2d 359, *appeal dismissed* 36 NY2d 937, *mod* 42 NY2d 907). The investigation by the Attorney-General was well founded in facts both past and present *(cf., Matter of 160 W. 87th St. Corp. v Lefkowitz,* 50 AD2d 732) such that, absent a sufficient percentage of bona fide subscribers and regardless of how proximate to the minimum percentage required for acceptance, rejection of the amendment was warranted *(cf., Badem Bldgs. v Abrams,* 120 AD2d 372, *affd* 70 NY2d 45).

The assessment of credibility in this investigative capacity does not rise to the level of a due process violation necessitating a full evidentiary hearing *(see, Matter of Pannell v Jones,* 36 NY2d 339, 342). Finally, although an administrative hearing was not held per se, and the action at bar might not be amenable to transferral pursuant to CPLR 7804 (g), there is no statutory requirement under General Business Law § 352 directing a hearing *(Matter of First Energy Leasing Corp. v Attorney-General of State of N. Y.,* 68 NY2d 59, 64), and, once transferred, this court may decide the proceeding *(Matter of Holy Spirit Assn. v Tax Commn.,* 62 AD2d 188). Concur— Milonas, J. P., Kupferman, Ross and Smith, JJ.