**Antonio ILLIANO, Plaintiff,**

v.

**CLAY TOWNSHIP, et al., Defendants.**

**No. 95–CV–0879.**

United States District Court,
E.D. Pennsylvania.

June 29, 1995.

Seitzinger, Habib, Allen and Randazzo, Philadelphia, PA, for plaintiff.

Margolis, Edelstein & Scherlis, Philadelphia, PA, for defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

This civil rights case, involving an allegation of police brutality, has been brought before the Court by motion of the defendants, which seek the partial dismissal of the plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons that follow, the defendants' motion to dismiss will be granted in part.

### I. HISTORY OF THE CASE

The issue for the Court is whether Plaintiff has stated a claim on which relief can be granted; thus, we must take as true all of the factual allegations made in the complaint. *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir.1994). Accordingly, the facts giving rise to this lawsuit are as follows. The plaintiff is Antonio Illiano, a Pennsylvania resident who works at Illiano's Restaurant in Clay Township, Lancaster County, Pennsylvania. Mr. Illiano alleges that on July 21, 1993, Defendant Richard Rhinier, a Clay Township police officer, entered the restaurant to confront Mr. Illiano. Mr. Illiano initially agreed to speak with Officer Rhinier,

but then stated that he first wished to consult with his lawyer. When Mr. Illiano picked up the telephone, Officer Rhinier placed him in a choke hold and threw him to the floor, causing him to suffer facial lacerations and a fractured left wrist. Officer Rhinier then placed Mr. Illiano in handcuffs, lifted him by the handcuffs and his hair, and placed him in a police vehicle.

Along with his memorandum in opposition to the defendants' Rule 12(b)(6) motion, Mr. Illiano has submitted an affidavit in which he sets forth additional facts concerning the events of July 21, 1993. In January of 1993, according to the affidavit, Mr. Illiano was involved in an incident and was subsequently charged with disorderly conduct in Ephrata Township, Pennsylvania, a community near Clay Township. Mr. Illiano complained to the Ephrata Township Police Chief that he had been cited improperly and that the arresting officer had suppressed exculpatory evidence. As a result, the Police Chief commanded the arresting officer to drop the charges and issue an apology to the plaintiff. Mr. Illiano later spoke with a local newspaper reporter; and in April of 1993, a story appeared in the Lancaster *Intelligencer Journal* entitled "Ephrata Township Officer Told to Apologize to Man He Arrested." The plaintiff alleges that he was persistently harassed by police officers following the publication of the article, and that Officer Rhinier initiated the July 21 incident for purposes of retaliation.

Mr. Illiano subsequently filed this lawsuit in our Court, naming as defendants not only Officer Rhinier, but also Clay Township, the Clay Township Police Department, and Dale Stahl, Clay Township's Police Chief. The complaint contains four counts. In the first count, Mr. Illiano alleges that Officer Rhinier's conduct operated to deprive him of the rights guaranteed to him under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution and 42 U.S.C. §§ 1983, 1985, 1986, and 1988. The second count is brought against Clay Township, the Clay Township Police Department, and Chief Stahl (collectively, the "municipal defendants") under both the respondeat superior theory and on the grounds that the

practice and procedure countenanced by the municipal defendants was deficient. In the third count, Mr. Illiano sets forth the tort claims of false arrest, assault, and battery. Further, Mr. Illiano asserts that all the defendants acted in a manner that deprived him of his rights under the Pennsylvania Constitution. Finally, in the fourth count, Mr. Illiano brings a plea for punitive damages against all of the defendants.

The defendants have filed the instant motion to dismiss, in which they argue that all claims brought under the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1985, 1986, and 1988 should be dismissed; that the Clay Township Police Department should be dismissed from the lawsuit; and that Counts II, III, and IV should be dismissed in their entirety. Upon review of Defendants' motion, Mr. Illiano has conceded that his claims brought under the Fifth, Eighth and Fourteenth Amendments and 42 U.S.C. §§ 1985 and 1986 should be dismissed. Finally, Mr. Illiano does not contest the motion as it applies to the dismissal of the Clay Township Police Department, the state law claims brought against Clay Township and Chief Stahl, or the claim for punitive damages brought against Clay Township. Thus, we are left to consider the remaining claims challenged by the instant motion.

## II. *DISCUSSION*

### A. *Standards Applicable to a Rule 12(b)(6) Motion*

The standard we use to resolve a motion filed under Rule 12(b)(6) is well settled. In considering such a motion, the complaint's allegations must be construed favorably to the pleader. The court must accept as true all of the plaintiff's factual allegations and draw from them all reasonable inferences. *Schrob v. Catterson,* 948 F.2d 1402, 1405 (3d Cir.1991) (citations omitted). Thus, the court will grant a Rule 12(b)(6) motion only if the non-moving party cannot prevail legally under the set of facts alleged. *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990). In deciding this motion, this Court will apply this standard to each of the disputed claims in Mr. Illiano's complaint.

## B. Count I: Civil Rights Claim against Officer Rhinier

As we noted above, the first count contains the allegation that Officer Rhinier violated Mr. Illiano's civil rights. The parties agree that the claim is viable as a § 1983 action based upon the Fourth Amendment, but should be dismissed to the extent it is based upon the Fifth, Eighth, and Fourteenth Amendments and §§ 1985 and 1986. Moreover, Mr. Illiano appears to concede that his complaint is defective with regard to both the § 1983 claim based on the First Amendment and the § 1988 claim.[1] Thus, we will allow Mr. Illiano to cure these defects by submitting an amended complaint within ten days of the entry of the attached Order. Of course, Defendants may then challenge the sufficiency of the First Amendment claim as set forth in the amended complaint, if they should so choose.

## C. Count II: Civil Rights Claim against Municipal Defendants

In the second count, as we noted above, Mr. Illiano alleges that the municipal Defendants tolerated, and therefore encouraged, a pattern and practice of excessive police force. Since Mr. Illiano now concedes that the Clay Township Police Department is not a proper party to this action and that the remaining municipal Defendants cannot be liable under a respondeat superior theory, our present task is to determine whether Count II of the complaint states a proper claim against Clay Township and Chief Stahl. The nub of Count II is set forth in paragraphs 29–31 of the complaint, which read as follows:

> 29. Prior to July 21, 1993, Municipal Defendants Dale Stahl, Clay Township and the Clay Township Police Department, permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable and illegal use of force in that:
>
> (a) Municipal Defendants failed to discipline or prosecute or in any manner deal with known incidents of abuse of police powers and improper use of force by officers;
>
> (b) Municipal Defendants refused to investigate complaints of previous incidents of abuse of police powers and improper use of force by police officers and, instead, officially claimed that such incidents were justified and proper; and
>
> (c) By means of both inaction and cover-up of such abuse of police powers and excessive use of force by officers, Municipal Defendants encouraged police officers, including officer Rhinier, to believe that such abuse of police powers and improper use of force was permissible.
>
> 30. Municipal Defendants have maintained either no system or an inadequate system of review of the use of force by police officers which system has failed to identify instances of improper use of force or to discipline or closely supervise or retrain police officers who improperly use force. Upon information and belief, the system deficiencies include but are not limited to:
>
> (a) Preparation of investigative reports designed to vindicate the use of force regardless of whether such actions were justified;
>
> (b) Preparation of investigative reports which uncritically rely solely on the word of police officers involved in the incidents and which systematically fail to credit testimony by non-police officer witnesses;

---

1. The allegations supporting the First Amendment claim appear not in the complaint, but in Mr. Illiano's affidavit. The Federal Rules of Civil Procedure require that the plaintiff set forth in the complaint "a set of facts that serves to put the defendant on notice as to the nature and basis for the claim." *Orson, Inc. v. Miramax Film Corp.*, 862 F.Supp. 1378, 1389 (E.D.Pa. 1994); Fed.R.Civ.P. 8(a)(2). Thus, it is quite clear that Mr. Illiano has failed to comply with the Rules with respect to his First Amendment claim.

Mr. Illiano further alleges in his complaint that Defendants are liable under § 1988. Section 1988 allows for the prevailing party in a civil rights action to recover attorney's fees. Thus, it is improper to allege that one has "violated" § 1988. Accordingly, Mr. Illiano's complaint should be amended to rectify this error, and more properly serve notice as to his intention to seek attorney's fees under § 1988.

(c) Preparation of investigative reports which omit factual information and physical evidence which contradict accounts of the police officers involved;

(d) Issuance of public statements exonerating officers involved in such incidents prior to the conclusion of investigation; and

(e) Failure to review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradicts such evidence.

31. On information and belief, municipal Defendants also maintained a system of grossly inadequate training pertaining to the law of permissible use of force.

Compl. p. 9–10.

▇ A municipality is subject to § 1983 liability in cases where the plaintiff shows that the municipality itself, through the implementation of a custom or policy, causes some violation of the plaintiff's rights under the Constitution. *Parkway Garage, Inc. v. City of Philadelphia,* 5 F.3d 685, 692 (3d Cir.1993); *Colburn v. Upper Darby Township,* 946 F.2d 1017, 1027 (3d Cir.1991) (both citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658, 691–95, 98 S.Ct. 2018, 2036–38, 56 L.Ed.2d 611 (1978)). Section 1983 liability is implicated not only when a municipality's official policy results in a deprivation of rights, but also when the offending "'custom has not received formal approval through the body's official decisionmaking channels.'" *Roman v. Jeffes,* 904 F.2d 192, 197 (3d Cir.1990) (quoting *Monell,* 436 U.S. at 691, 98 S.Ct. at 2036). Regarding the "failure to train" allegation, the Supreme Court has held that a defect in police officer training can serve as the basis of a § 1983 claim, but only "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris,* 489 U.S. 378, 387, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989).

▇ Upon review of the complaint in light of the standards set forth above, we conclude that Mr. Illiano has properly stated a § 1983 claim against the remaining municipal defendants. Mr. Illiano alleges that Clay Township and Chief Stahl systematically whitewashed evidence of police brutality and conveyed to police officers the notion that the type of maltreatment allegedly visited upon Mr. Illiano was within the Constitution's bounds. Further, Mr. Illiano asserts that a causal nexus links the actions alleged and his injuries. Second, Mr. Illiano alleges that the municipal defendants' failure to train the officers as to the proper use of force not only resulted in the deprivation of Mr. Illiano's rights, but also reflected a gross indifference to the rights of those with whom the officers interact. Such allegations, if proved at trial, constitute a § 1983 violation. Accordingly, we are compelled to deny in part the defendants' motion to dismiss Count II.

### D. *Count III: State Law Claims*

Count III contains the tort claims of assault, battery, and false arrest. Mr. Illiano concedes that he cannot bring these claims against the municipal Defendants; thus, we are left to determine whether he has set forth a proper claim against Officer Rhinier. In their argument for dismissal, Defendants contend that Officer Rhinier cannot be liable under the state law claims because of Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa.Cons.Stat. §§ 8541–8564 (the "Tort Claims Act"). The general provision regarding immunity provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." § 8541.

▇ Further, an employee of the local agency, such as Officer Rhinier here, is entitled to immunity, § 8545, but only if the harm was not caused by the employee's willful misconduct. § 8550. Thus, an agency employee remains personally liable for his intentional torts. *See Moser v. Bascelli,* 865 F.Supp. 249, 252–53 (E.D.Pa.1994) (allowing plaintiff's battery and intentional infliction of emotional distress claims to stand against offending police officer); *Agresta v. City of Philadelphia,* 694 F.Supp. 117, 123–24 (E.D.Pa.1988) (denying motion to dismiss as

to certain defendants "since the torts alleged are intentional torts"). As a result, while we will dismiss Count III as it applies to the municipal Defendants, we must deny the motion as to Officer Rhinier.

### E. *Count IV: Punitive Damages*

 The final count in Mr. Illiano's complaint contains a plea for punitive damages. Mr. Illiano now concedes that such damages are not available against Clay Township and the Clay Township Police Department, but argues that the count should stand as to Officer Rhinier and Chief Stahl. Punitive damages are available in § 1983 cases where the defendants have acted in callous disregard of, or indifference to, the rights of others. *Keenan v. City of Philadelphia*, 983 F.2d 459, 469–70 (3d Cir.1992); *Bennis v. Gable*, 823 F.2d 723, 734 (3d Cir.1987). The defendants' conduct need not sink to the level of maliciousness or an intent to injure to trigger a punitive damages award. *Savarese v. Agriss*, 883 F.2d 1194, 1204 (3d Cir.1989); *Giroux v. Sherman*, 807 F.Supp. 1182, 1190 (E.D.Pa.1992).

Upon application of this standard to the allegations made in the complaint, we find that Mr. Illiano has properly set forth claims for punitive damages against both Officer Rhinier and Chief Stahl. As we explained above, Mr. Illiano has alleged that Officer Rhinier acted without legal justification, and that his behavior reflected an indifference to Mr. Illiano's rights. Such allegations are a sufficient predicate for a punitive damages award. Regarding Officer Stahl, our Court of Appeals has held that a defendant placed higher on the chain of command than the immediate actor can be liable for punitive damages as long as his conduct meets the requisite standard. *Keenan*, 983 F.2d at 470. Mr. Illiano has alleged that Chief Stahl tolerated and encouraged the alleged actions in reckless disregard of the rights of citizens like the plaintiff. Thus, the complaint contains allegations sufficient to support an award of punitive damages against Chief Stahl. Accordingly, while we will dismiss Count IV as to Clay Township and Clay Township Police Department, Mr. Illiano's punitive damages request, as to Officer Rhinier and Chief Stahl, will survive this motion.

### III. *CONCLUSION*

For the foregoing reasons, we will dismiss Count I of the complaint to the extent it purports to state a claim pursuant to the First, Fifth, Eighth, and Fourteenth Amendments and 42 U.S.C. §§ 1985, 1986, and 1988. Moreover, Count II will be dismissed as to the Clay Township Police Department, Count III will be dismissed as to the municipal defendants, and Count IV will be dismissed as to the Clay Township Police Department and Clay Township. In all other respects, Defendants' motion to dismiss will be denied. Finally, Mr. Illiano will be ordered to submit an amended complaint within ten days of the entry of the attached Order. The amended complaint shall: (1) contain the allegations supporting Plaintiff's First Amendment claim, as described in the affidavit; (2) properly serve notice on Defendants of Plaintiff's intention to seek counsel fees pursuant to 42 U.S.C. § 1988; and (3) otherwise reflect this Memorandum and Order.