■ RONALD M. WEIMER, Respondent, v CITY OF JOHNSTOWN, Appellant, et al., Defendant. [670 NYS2d 624] —Cardona, P. J.

Appeal from an order of the Supreme Court (Ferradino, J.), entered March 13, 1997 in Fulton County, which, *inter alia*, denied that part of defendants' cross motion seeking to dismiss certain claims against defendant City of Johnstown.

This action arises out of a physical altercation in March 1994 which ensued between plaintiff and defendant Steven Lake, a police officer formerly employed by defendant City of Johnstown, when Lake stopped plaintiff's vehicle during a routine traffic stop. Plaintiff served a notice of claim upon defendants in May 1994. Thereafter, in January 1996, plaintiff commenced this action by service of a summons with notice and simultaneously served upon the City a notice of discovery and inspection. Defendants timely responded with a notice of appearance and a demand for a complaint but did not comply with the discovery demand. Subsequently, plaintiff served a complaint alleging a cause of action under 42 USC § 1983 (first cause of action), a cause of action under NY Constitution, article I, §§ 6 and 12 (second cause of action), and a cause of action for unlawful seizure under the 4th and 14th Amendments of the US Constitution as well as NY Constitution, article I, §§ 6 and 12 (third cause of action).

Following joinder of issue, plaintiff moved for an order compelling the City to respond to the notice of discovery and inspection. Defendants, in turn, cross-moved for dismissal of the various claims or, alternatively, for summary judgment dismissing the complaint. Supreme Court denied plaintiff's motion; however, it granted the cross motion to the extent of dismissing all claims against Lake and all New York constitutional claims alleged against the City in the second and part of the third causes of action. The court declined to dismiss the first cause of action as well as that part of the third cause of action alleging Federal constitutional claims. The City appeals.

Turning to plaintiff's first cause of action under 42 USC § 1983, it is well settled that in order to prevail under this statute, a plaintiff must plead and prove "(1) an official policy or custom that (2) causes [the plaintiff] to be subjected to (3) a denial of a [Federal] constitutional right" (*Howe v Village of Trumansburg*, 199 AD2d 749, 751, *lv denied* 83 NY2d 753; *see, Monell v New York City Dept. of Social Servs.*, 436 US 658, 690; *Di Palma v Phelan*, 81 NY2d 754, 756). Moreover, where liability is sought against a municipality based upon the actions of one of its officers or employees, the plaintiff must demonstrate that his or her injury arose from the acts of the officer or employee in the course of executing a municipal policy or custom (*see, Oklahoma City v Tuttle*, 471 US 808, 810; *Town of*

*Orangetown v Magee*, 88 NY2d 41, 49). Such custom or policy, however, "need not be contained in an explicitly adopted rule or regulation" or have received formal approval by official decisionmakers (*Sorlucco v New York City Police Dept.*, 971 F2d 864, 870-871; *see, Illiano v Clay Township*, 892 F Supp 117, 121).

Plaintiff's first cause of action is premised upon allegations that defendants, through Lake's actions, deprived him of his rights under the 4th, 5th, 8th and 14th Amendments of the US Constitution "to be secure from an unauthorized/unprovoked assault & battery, or free from governmental intrusion without a reasonable or justifiable basis". Plaintiff further alleges that Lake's actions were done "under the color and pretense of the statutes, Ordinances, regulations, customs, usages and authority of his * * * position as a police officer with the City of Johnstown". Although plaintiff has failed to cite to the specific custom, practice or policy under which Lake purportedly acted, he alludes to prior similar misconduct by Lake in his affidavit in opposition to defendants' cross motion in which he avers: "it is noted that shortly after this incident defendant City of Johnstown declined to keep [Lake] in their employ. At this point in time the true reason therefor is not precisely known, except that the conduct which he subjected deponent to on March 3, 1994 was not an isolated or first-time instance. Deponent would fully like to develop that theory of liability against [the City]."

We acknowledge that on a motion to dismiss under CPLR 3211 (a) (7), "the pleading is to be afforded a liberal construction, its allegations are accepted as true, plaintiffs are accorded the benefit of every possible favorable inference and [the court] determine[s] only whether the facts as alleged fit within any cognizable legal theory" (*Corvetti v Town of Lake Pleasant*, 227 AD2d 821, 822; *see, Bryant Ave. Tenants' Assn. v Koch*, 127 AD2d 470, 472-473, *affd* 71 NY2d 856). Nevertheless, we find that plaintiff's vague and conclusory allegations and expression of hope that discovery, if and when conducted, might provide some factual support for his cause of action under 42 USC § 1983 provide an insufficient basis for failing to dismiss a patently defective cause of action. Consequently, we conclude that plaintiff's first cause of action must be dismissed (*see, MacLauchlin v Village of St. Johnsville*, 235 AD2d 702, 703-704; *La Mar v Town of Greece*, 97 AD2d 955, 956).

We reach a similar conclusion with respect to that portion of the third cause of action alleging an unlawful seizure in violation of the 4th and 14th Amendments of the US Constitution.

Plaintiff maintains that the nature of this claim falls under *Bivens v Six Unknown Fed. Narcotics Agents* (403 US 388). Plaintiff's complaint, however, fails to include allegations that defendants acted under color of *Federal* law to deprive him of a constitutional right (*see, id.*, at 392; *Tavarez v Reno*, 54 F3d 109). Due to this omission, this claim must also be dismissed.

Inasmuch as plaintiff has not filed a cross appeal, he has waived his right to appellate review of those aspects of the order adversely affecting him (*see, Hecht v City of New York*, 60 NY2d 57, 61-62; *Sommers v Sommers*, 203 AD2d 975, 977). Furthermore, because plaintiff's claims were not before Supreme Court in the context of defendants' summary judgment motion (*see, Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430), but rather were the subject of a separate dismissal motion brought pursuant to CPLR 3211, plaintiff may not invoke the statutory authority provided under CPLR 3212 to have this Court address the merits of these claims (*see, Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106).

Mercure, White, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of defendants' cross motion seeking to dismiss the first cause of action and that portion of the third cause of action alleging Federal constitutional claims; cross motion granted to that extent and said claims dismissed; and, as so modified, affirmed.